IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE JIMENEZ AND PABLO JIMENEZ | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-03974 (JURY) |
| LIBERTY INSURANCE CORPORATION | § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation (incorrectly also named as "Liberty Mutual Insurance Company") timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446(b), removing this action from the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

**A.  Introduction**

1.  Pablo Jimenez and Jane Jimenez ("Plaintiffs") commenced this lawsuit against Defendants in the 234th Judicial District Court of Harris County, Texas on or about August 30, 2019.  A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibits A and B.  Plaintiffs served the Original Petition on Defendant Liberty Insurance Corporation through its registered agent on September 13, 2019.  *Id.*  A true and correct copy of Defendant's Answer to Plaintiffs' Original Petition and Defendant's Jury Demand filed on September 20, 2019 is attached hereto as Exhibit "C."

2.      Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3.      Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and misrepresentation. Plaintiffs' claims against Defendant arise under a homeowner's policy of insurance issued by Liberty Insurance Corporation. Plaintiffs allege their property was damaged in a storm occurring on or about August 28, 2017. This claim has gone through appraisal and an award was issued in the amount of $16,132.11. Defendant paid the portion of the award due but there is a dispute the amount they received is correct. Plaintiffs allege they are owed not only damages for the repairs to the property but also statutory interest and attorney's fees.

**B.      Jurisdiction & Removal**

4.      In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5.      Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiffs are citizens of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston.

6.      In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, although Plaintiffs state they are suing for monetary relief of less than $75,000, they fail to include a stipulation or affidavit to that effect. The face of a plaintiff's

pleading will not control if made in bad faith. The inquiry does not end merely because the plaintiff alleges damages below the threshold. Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, Plaintiffs can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint. *Id. See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiffs have done neither.

7. Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiffs' cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.")

8. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

9. To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The defendant may also rely on the notice

3

of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10.  In their Petition, Plaintiffs state they are seeking a judgment that includes "actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiffs may be justly entitled." (See paragraph 32 of the Petition).

11.  According to Plaintiff's post-appraisal demand letter, Plaintiffs allege they have suffered approximately $11,550.11 in damage to their property. *See* Exhibit "D" attached hereto. In addition, as of August 30, 2019 they were claiming an additional $3,638.38 in statutory interest and attorney's fees in excess of $6,825.00. *Id.* The letter expressly states that the fees as of the date of the letter exceeded that amount. *Id.* Thus, a little over thirty days ago, Plaintiffs were demanding a total of $22,013.39 while admitting that the damages they are legally entitled to are higher. *Id.* That same correspondence made it clear that should Plaintiffs pursue their "numerous remaining claims in court," that would lead to "substantially increased fees." *Id.*

12.  Assuming the Plaintiffs do not seek more than $6,825.00 attorney fees, the amount in controversy exceeds $75,000.00:

| Claim for Damages | Amount |
|---|---|
| Actual damages alleged for breach of contract | $11,550.11 – August 30, 2019 demand letter |
| Treble Damages for knowing violations of the Texas Insurance Code. | $34,650.33 – Paragraph 26 of Plaintiffs' Petition |
| 18 percent interest for violations of the Insurance Code | $17,325.17 for twenty-five months – Paragraph 21 of Plaintiffs' Petition |
| Attorney's Fees | In excess of $6,825.00 – Paragraph 21 of Plaintiffs' Petition |
| **Damages known to date** | **$70,350.61 (at least)** |
| Exemplary Damages | Unknown – Paragraph 32 of Plaintiffs' Petition |
| Statutory damages | Unknown – Paragraph 32 of Plaintiffs' Petition |
| "All such other and further "relief | Unknown – Paragraph 32 of Plaintiffs' Petition |
| **Potential total damages** | **In excess of $75,000.00** |

13. Further, in any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $229,100.00 for the Dwelling. *See* copy of Liberty Mutual Corporation's Libertyguard Deluxe Homeowners Policy number H37-298-690698-40 attached hereto as Exhibit C.

14. It is clear the types of damages Plaintiffs are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

15. For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

16. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

17. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 234th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

18. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

19. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

20. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Liberty Insurance Corporation (incorrectly also named as "Liberty Mutual Insurance Company") hereby removes the above-captioned matter now pending in the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   */s/ J. Mark Kressenberg*
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Alma J. Aguirre
aaguirre@sheehyware.com
Fed. Adm. No. 30882
Texas State Bar No. 24029414
909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 11th day of October, 2019 to the following counsel of record:

*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011

    */s/ Alma J. Aguirre*
    Alma J. Aguirre

3598285_1